# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| N.P. and P.S., individually and on behalf of all others similarly situated,<br><br>    *Plaintiff*,<br><br>*v.*<br><br>STANDARD INNOVATION CORP.,<br><br>    *Defendant*. | Case. No. 1:16-cv-8655 |

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Agreement" or "Settlement Agreement") is entered into by and among (i) N.P. and P.S.[1] (ii) the Purchaser Class; (iii) the App Class (N.P., P.S., the Purchaser Class, and the App Class are collectively referred to as the "Plaintiffs" unless otherwise noted), and Defendant Standard Innovation Corp. ("Defendant" or "Standard Innovation"). The Plaintiffs and the Defendant are collectively referred to as the "Parties." This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined below), upon and subject to the terms and conditions of this Settlement Agreement, and subject to the final approval of the Court.

## RECITALS

A.  On September 2, 2016, Plaintiff N.P. filed a putative class action in the United States District Court for the Northern District of Illinois, captioned *N.P. v. Standard Innovation (US) Corp.*, Case No. 1:16-cv-8655. The complaint alleged claims for damages and injunctive

---

[1]  Due to the sensitive subject matter of this case, the Plaintiffs' names have been withheld. For the sake of simplicity, the Settlement Agreement collectively refers to both individuals as "Plaintiffs," and, where appropriate, distinguishes between them by referring to either the "App Plaintiff" or the "Purchaser Plaintiff" (both as defined below).

relief for selling adult sensual lifestyle products that secretly collected and transmitted highly sensitive information about consumers without their knowledge or consent. N.P. filed an amended complaint on February 27, 2017, adding, *inter alia*, Plaintiff P.S. as an additional named plaintiff as a representative of the Purchaser Class and substituting Standard Innovation Corporation as the Defendant. The amended complaint alleged three (3) causes of action for (i) violation of the Federal Wire Tap Act, 18 U.S.C. §§ 2510 *et seq*., (ii) Intrusion Upon Seclusion, and (iii) Unjust Enrichment.

B.     Shortly after the litigation commenced, the Parties began to discuss the possibility of settlement. As part of those discussions, the Parties informally exchanged information related to, *inter alia,* Defendant's information collection practices, Defendant's privacy policies and the information they disclosed to consumers, and the number of class members.

C.     With informal discovery underway, on October 20, 2016, the Parties' counsel met in person in Chicago to further discuss both the substantive issues of the case as well as their perspectives on a potential resolution of the claims at issue. In the weeks that followed, the Parties continued to discuss the potential for resolution through numerous telephonic conferences.

D.     As a result of those discussions, the Parties ultimately agreed to attempt to resolve the matter through private mediation and scheduled a formal mediation with the Honorable Morton Denlow (Ret.) of JAMS Chicago to facilitate those efforts.

E.     On November 22, 2016, Plaintiffs' counsel, Defendant's counsel, Defendant's corporate representatives, and a representative from Defendant's Insurer participated in a formal mediation session with Judge Denlow. After several rounds of arms' length negotiations over the course of a full day, the Parties were able to reach an agreement as to the principal terms of this

Agreement, which was formalized in a binding Memorandum of Understanding.

F.     At all times, Defendant has denied and continues to deny each and every allegation of wrongdoing and liability, and that Plaintiffs are entitled to any recovery based on their claims. Defendant maintains that it has strong, meritorious defenses to the claims alleged in the Action, including without limitation that Plaintiffs consented to the conduct alleged and that it would have succeeded in defeating class certification. Defendant was prepared to vigorously defend all aspects of the Action. Nonetheless, taking into account the uncertainty and risks inherent in any litigation, Defendant has concluded that further defense of the Action would be protracted, risky, burdensome, and expensive, and that it is desirable and beneficial to Defendant that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement.

G.     Plaintiffs believe that the claims asserted in the Action against Defendant have merit and that Plaintiffs would have ultimately been successful in certifying the proposed classes under Fed. R. Civ. P. 23 and in prevailing on the merits at summary judgment or trial. Nonetheless, Plaintiffs and Class Counsel recognize and acknowledge that Defendant has raised factual and legal defenses in the Action that present a risk that Plaintiffs may not prevail. Plaintiffs and Class Counsel recognize also the expense and delay associated with continued prosecution of the Action against Defendant through class certification, trial, and any subsequent appeals. Plaintiffs and Class Counsel also have taken into account the uncertain outcome and risks of any litigation, especially in complex actions, as well as the difficulties inherent in such litigation. Additionally, Plaintiffs and Class Counsel have considered Defendant's financial position and present and future ability to pay monies in excess of the results achieved herein when reaching the terms of this Agreement. Therefore, Plaintiffs believe that it is desirable that

the Released Claims be fully and finally compromised, settled, and resolved with prejudice, and barred pursuant to the terms set forth herein.

H.      Based on their evaluation, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Plaintiffs, and that it is in the best interests of the Plaintiffs to settle the claims raised in the Action pursuant to the terms and conditions of this Agreement.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs and Defendant, by and through their respective counsel, that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, and in consideration of the benefits flowing to the Parties from the Settlement Agreement set forth herein, the Action and the Released Claims shall be fully and finally compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions set forth in this Agreement.

## AGREEMENT

**1.      DEFINITIONS.**

As used in this Settlement Agreement, the following terms have the meanings specified below:

1.1.      **"Action"** means the case captioned *N.P. and P.S. v. Standard Innovation Corp.*, No. 1:16-cv-8655, pending in the United States District Court for the Northern District of Illinois.

1.2.      **"App Class"** means all individuals in the United States who downloaded the We-Connect application and used it to control a We-Vibe Brand Product before September 26, 2016. Excluded from the App Class are the following: any judge or magistrate presiding over the

Action and the immediate family members of any such Person(s); the Defendant and any respective parent, subsidiary, affiliate, successor, predecessor or any entity in which the Defendant or its parents have a controlling interest, as well as its current or former officers, directors, agents, attorneys, servants, or employees; the Settlement Administrator; the Mediator; Persons who properly execute and file a timely request for exclusion from the App Class; and the legal representatives, successors, or assigns of any such excluded Persons.

    1.3.    **"App Class Member"** means a Person who falls within the definition of the App Class as set forth above.

    1.4.    **"App Fee Award"** means the amount of attorneys' fees awarded by the Court to Class Counsel with respect to the App Class, along with a proportional amount of the total reimbursement of costs awarded by the Court to Class Counsel.

    1.5.    **"App Settlement Fund"** means the non-reversionary cash settlement fund that shall be established by Defendant or its Insurer in the total amount of four million Canadian dollars ($4,000,000.00 [CAD]), which shall be deposited in the Escrow Account by Defendant or its Insurer in two stages: an initial amount as reasonably required by the Settlement Administrator to pay Settlement Administration Expenses to be paid no later than fourteen (14) days after Preliminary Approval, and the remainder no later than the Effective Date. From this App Settlement Fund, the Settlement Administrator shall pay (i) Approved App Claims, (ii) a proportional amount of the Settlement Administration Expenses, (iii) any incentive award to N.P., and (iv) any App Fee Award. The App Settlement Fund represents the limit and extent of Defendant's monetary obligations under this Agreement to the App Class. In no event shall Defendant's or the Insurer's total financial liability to the App Class with respect to this Agreement exceed four million Canadian dollars ($4,000,000 [CAD]) plus the interest earned on

the App Settlement Fund.

      1.6.    **"Approved App Claim"** means a Claim Form submitted by an App Class Member that is: (i) submitted timely and in accordance with the directions on the Claim Form and the provisions of the Settlement Agreement; (ii) fully and truthfully completed with all of the information required of a App Class Member; and (iii) signed by the App Class Member, physically or electronically.

      1.7.    **"Approved Purchaser Claim"** means a Claim Form submitted by a Purchaser Class Member that is: (i) submitted timely and in accordance with the directions on the Claim Form and the provisions of the Settlement Agreement; (ii) fully and truthfully completed with all of the information required of a Purchaser Class Member; and (iii) signed by the Purchaser Class Member, physically or electronically.

      1.8.    **"Claims Deadline"** means the date by which all Claim Forms must be postmarked or submitted on the Settlement Website to be considered timely and shall be set as a date no later than fourteen (14) days before the Final Approval Hearing. The Claims Deadline shall be clearly set forth in the order granting Preliminary Approval, in the Notice and the Claim Form.

      1.9.    **"Claim Form"** means the form attached hereto as Exhibit A, as approved by the Court. The Claim Form must be completed and physically signed or verified electronically by App Class Members and Purchaser Class Members who wish to file a claim for a settlement payment, and shall be available for submission on or download from the Settlement Website and from the Settlement Administrator in hardcopy form. The Claim Form will require the Purchaser Class Members to provide the following information: (i) full name, current mailing address, current contact telephone number, current email address; (ii) a statement that he or she purchased

a Bluetooth enabled We-Vibe Product before September 26, 2016; and (iii) the device serial number (located on the box and the device) or order number if purchased directly from Defendant, if available. The Claim Form will require the App Class Members to provide the following information: (i) full name, current mailing address, current contact telephone number, current email address; (ii) a statement that he or she downloaded the We-Connect application and used it to control a Bluetooth enabled We-Vibe Product before September 26, 2016; and (iii) the device serial number (located on the box and the device) or order number if purchased directly from Defendant, if available. The Claim Form will not require notarization, but will require the information supplied to be true and correct.

1.10. **"Class Counsel"** means Jay Edelson and Eve-Lynn J. Rapp of Edelson PC.

1.11. **"Class Representatives"** means N.P. and P.S. as representative of the App Class and as representative of the Purchaser Class, collectively.

1.12. **"Court"** means the United States District Court for the Northern District of Illinois, the Honorable Virginia M. Kendall presiding, or any judge who shall succeed her as judge in this Action.

1.13. **"Defendant"** means Standard Innovation Corp.

1.14. **"Defendant's Counsel"** means Neil K. Gilman and Thomas R. Waskom of Hunton & Williams LLP and Nathan T. Newman of Tucker Ellis LLP.

1.15. **"Effective Date"** means the fifth business day after which all of the events and conditions specified in Paragraph 9.1 have been met and have occurred.

1.16. **"Escrow Accounts"** means the two separate interest-bearing escrow accounts to be established by the Settlement Administrator in the United States, from which all payments out of the Purchaser Settlement Fund and App Settlement Fund, including for Approved Purchaser

Claims and Approved App Claims, Settlement Administration Expenses, any incentive award to the Class Representatives, and any Purchaser Fee Award or App Fee Award to Class Counsel will be made. The Escrow Accounts shall be established under terms acceptable to Plaintiffs and Defendant at a depository institution insured by the Federal Deposit Insurance Corporation and that has total assets of at least five hundred million dollars ($500,000,000) and a short-term deposit rating of at least P-1 (Moody's) or A-1 (Standard & Poor's). The money in the Escrow Accounts shall be invested in the following types of accounts and/or instruments and no other: (i) demand deposit accounts and/or (ii) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less. The costs of establishing the Escrow Accounts shall be proportionally deducted from the Purchaser Settlement Fund and the App Settlement Fund. Any interest earned on the Escrow Accounts shall be considered part of the respective Purchaser Settlement Fund or App Settlement Fund. The Settlement Administrator shall be responsible for all tax filings with respect to any earnings on the Escrow Accounts and the payment of all taxes that may be due on such earnings.

1.17. **"Final"** means one business day following the latest of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving this Settlement Agreement; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Purchaser Fee Award, App Fee Award, and/or incentive awards, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand);

8

or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

1.18. **"Final Approval Hearing"** means the hearing before the Court where the Plaintiffs will request the Final Judgment to be entered by the Court approving the Settlement Agreement and determining the Purchaser Fee Award, App Fee Award, and incentive awards to the Class Representatives.

1.19. **"Final Judgment"** means the Final Judgment and order(s) to be entered by the Court approving the Settlement Agreement and determining the Purchaser Fee Award, App Fee Award, and incentive awards to the Class Representatives.

1.20. **"Insurer"** means Liberty International Underwriters, a Division of the Liberty Mutual Insurance Company.

1.21. **"Mediator"** means the Honorable Morton Denlow (ret.) of JAMS, Chicago.

1.22. **"Notice"** means the notice of this proposed Class Action Settlement Agreement and Final Approval Hearing, which is to be sent to the Purchaser Class Members and the App Class Members substantially in the manner set forth in this Agreement, fulfills the requirements of Due Process and Fed. R. Civ. P. 23, and is substantially in the form of Exhibits B, C, D, E and F, attached hereto.

1.23. **"Notice Date**" means the date by which notice is to be provided, which shall be a date no later than sixty (60) days after entry of Preliminary Approval.

1.24. **"Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a Person within the Purchaser Class and/or the App Class must be postmarked and/or filed with the Court, which shall be designated as a date no later than forty-five (45) days after the Notice Date, or such other date as

ordered by the Court.

1.25.    **"Parties"** means Plaintiffs, on the one hand, and Defendant on the other.

1.26.    **"Person"** shall mean, without limitation, any individual and their spouses, heirs, predecessors, successors, representatives, and assigns.

1.27.    **"Plaintiffs"** means, collectively, P.S., and the Purchaser Class Members, and N.P., and the App Class Members.

1.28.    **"Preliminary Approval"** means the order preliminarily approving the Settlement Agreement, certifying the Purchaser Class and the App Class for settlement purposes, and approving the form of the Notice.

1.29.    **"Purchaser Class"** means all individuals in the United States who purchased a Bluetooth-enabled We-Vibe Brand Product before September 26, 2016. Excluded from the Purchaser Class are the following: any judge or magistrate presiding over the Action and the immediate family members of any such Person(s); the Defendant and any respective parent, subsidiary, affiliate, successor, predecessor or any entity in which the Defendant or its parents have a controlling interest, as well as its current or former officers, directors, agents, attorneys, servants, or employees; the Settlement Administrator; the Mediator; Persons who properly execute and file a timely request for exclusion from the Purchaser Class; and the legal representatives, successors, or assigns of any such excluded Persons.

1.30.    **"Purchaser Class Member"** means a Person who falls within the definition of the Purchaser Class as set forth above.

1.31.    **"Purchaser Fee Award"** means the amount of attorneys' fees awarded by the Court to Class Counsel with respect to the Purchaser Class, along with a proportional amount of the total reimbursement of costs awarded by the Court to Class Counsel.

1.32.   **"Purchaser Settlement Fund"** means the non-reversionary cash settlement fund that shall be established by Defendant or its Insurer in the total amount of one million Canadian dollars ($1,000,000.00 [CAD]), which shall be deposited in the Escrow Account by Defendant or its Insurer in two stages: an initial amount as reasonably required by the Settlement Administrator to pay Settlement Administration Expenses to be paid no later than fourteen (14) days after Preliminary Approval, and the remainder no later than the Effective Date. From this Purchaser Settlement Fund, the Settlement Administrator shall pay (i) Approved Purchaser Claims, (ii) a proportional amount of the Settlement Administration Expenses, (iii) any incentive award to P.S., and (iv) any Purchaser Fee Award. The Purchaser Settlement Fund represents the limit and extent of Defendant's monetary obligations under this Agreement to the Purchaser Class. In no event shall Defendant's or the Insurer's total financial liability to the Purchaser Class with respect to this Agreement exceed one million Canadian dollars ($1,000,000 [CAD]) plus the interest earned on the Purchaser Settlement Fund.

1.33.   **"Released Claims"** means any claims that were asserted or could have been asserted in the Action by Plaintiffs, including any member of the App Class or Purchaser Class, including unknown claims, demands, rights, liabilities, and causes of action under federal law or the law of any state, whether based on statutory law, common law, or equity, whether class or individual in nature, known or unknown, concealed or hidden, against the Released Parties, or any of them, arising out of or based on (i) any actual or alleged collection, use or misuse, disclosure, storage or any other processing of any personal or other information by the Released Parties, including without limitation the collection, use or misuse, disclosure, storage or any other processing of any information in connection with the purchase of a We-Vibe Brand Product or in connection with the We-Connect Application, (ii) the alleged disclosure, partial

11

disclosure or non-disclosure of any information practices by the Released Parties with respect to any We-Vibe Brand Product or the We-Connect Application, whether disclosed, partially disclosed or undisclosed, or (iii) any allegations of deceptive conduct with respect to the sale of any We-Vibe Brand Product or the We-Connect Application.

1.34. **"Released Parties"** means Defendant, its Insurer, as well as any and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, agents, associates, affiliates, divisions, holding companies, employers, employees, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, companies, firms, trusts, and corporations.

1.35. **"Releasing Parties"** means Plaintiffs and their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these Persons and entities.

1.36. **"Settlement Administration Expenses"** means the expenses incurred by or on behalf of the Settlement Administrator in administering the Settlement Agreement, including expenses relating to providing Notice, processing Claim Forms, and mailing checks for Approved Purchaser Claims and Approved App Claims, with all such expenses to be proportionally paid from the Purchaser Settlement Fund and the App Settlement Fund, such that Settlement Administration Expenses incurred on behalf of both the Purchaser Class and App

12

Class shall be paid proportionally from the Purchaser Settlement Fund and the App Settlement Fund, and Settlement Administration Expenses incurred on behalf of only the Purchaser Class or only the App Class shall be paid only from the Purchaser Settlement Fund or the App Settlement Fund, respectively.

1.37.  **"Settlement Administrator"** means Heffler Claims Group, selected by the Parties and approved by the Court, that shall oversee the distribution of Notice, and process and pay Approved Purchaser Claims and Approved App Claims as set forth in this Agreement.

1.38.  **"Settlement Website"** means the website to be created, launched, and maintained by the Settlement Administrator, and which allows for the electronic submission of Claim Forms and provides access to relevant case documents including the Notice, information about the submission of Claim Forms and other relevant documents, including downloadable Claim Forms.

1.39.  **"Unknown Claims"** means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not to object to the Settlement. Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory

of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

1.40.    **"We-Vibe Brand Product"** means the following Bluetooth enabled devices: We-Vibe® Classic; We-Vibe® 4 Plus; We-Vibe® 4 Plus App Only; Rave by We-Vibe™ and Nova by We-Vibe™.

## 2.    SETTLEMENT RELIEF.

### 2.1.    Payments to Purchaser Class Members.

(a)    Defendant shall establish the Purchaser Settlement Fund and Purchaser Class Members shall have until the Claims Deadline to submit a Claim Form. Each Purchaser Class Member who submits an Approved Purchaser Claim shall be entitled to a payment of a *pro rata* share of the Purchaser Settlement Fund, up to $199.00 (USD), after payment of Settlement Administrator Expenses, the Purchaser Fee Award, and any incentive award to the Class Representative.

(b)    Within sixty (60) days after the Effective Date, or such other date as the Court may set, the Settlement Administrator shall pay from the Purchaser Settlement Fund all Approved Purchaser Claims by check and send said checks via first-class U.S. mail to the Purchaser Class Members who submitted all such Approved Purchaser Claims.

(c)    All checks issued to Purchaser Class Members will state on their face that

14

the check will expire and become null and void unless cashed within ninety (90) days after the date of issuance. To the extent that a check issued to a Purchaser Class Member is not cashed within ninety (90) days after the date of issuance, such funds shall revert to the Purchaser Settlement Fund to be distributed *pro rata* to Purchaser Class Members with Approved Purchaser Claims if practicable, or in a manner as otherwise directed by the Court upon application made by Class Counsel.

(d)     Should enough money remain in the Purchaser Settlement Fund as of the Claims Deadline to issue an additional round of Notice to Purchaser Class Members, then the Settlement Administrator may send such additional Notice. In that event, the Claims Deadline shall remain open for an additional sixty (60) days. If the amount of money remaining in the Purchaser Settlement Fund as of the Claims Deadline is not enough to issue an additional round of Notice or if money remains in the Purchaser Settlement Fund after an additional round of Notice, the Parties will distribute the money to an agreed organization approved by the Court.

(e)     Claimants that are members of both the Purchaser Class and the App Class may fill out both sections of the Claim Form and receive payment for both an Approved Purchaser Claim and an Approved App Claim.

**2.2.     Payments to App Class Members.**

(a)     Defendant shall establish the App Settlement Fund and App Class Members shall have until the Claims Deadline to submit a Claim Form. Each App Class Member who submits an Approved App Claim shall be entitled to a payment of a *pro rata* share of the App Settlement Fund, up to $10,000 (USD), after payment of Settlement Administrator Expenses, the App Fee Award, and any incentive award to the Class

15

Representative.

(b)  Within sixty (60) days after the Effective Date, or such other date as the Court may set, the Settlement Administrator shall pay from the App Settlement Fund all Approved App Claims by check and send said checks via first-class U.S. mail to the App Class Members who submitted all such Approved App Claims.

(c)  All checks issued to App Class Members will state on their face that the check will expire and become null and void unless cashed within ninety (90) days after the date of issuance. To the extent that a check issued to a App Class Member is not cashed within ninety (90) days after the date of issuance, such funds shall revert to the App Settlement Fund to be distributed *pro rata* to App Class Members with Approved App Claims if practicable, or in a manner as otherwise directed by the Court upon application made by Class Counsel.

(d)  Should enough money remain in the App Settlement Fund as of the Claims Deadline to issue an additional round of Notice to App Class Members, then the Settlement Administrator may send such addition Notice. In that event, the Claims Deadline shall remain open for an additional sixty (60) days. If the amount of money remaining in the App Settlement Fund as of the Claims Deadline is not enough to issue an additional round of Notice or if money remains in the App Settlement Fund after an additional round of Notice, the Parties will distribute the money to an agreed organization approved by the Court.

**2.3.  Prospective Relief.**  No later than the date of Final Approval:

(a)  Defendant shall remove and going forward not include a registration process on the We-Connect application and not collect email addresses of Person(s)

through the We-Connect application. Notwithstanding the foregoing, Standard Innovation can continue to request, store, and use email addresses from individuals for the purpose of receiving the Standard Innovation newsletter or for product registration purposes, both of which were and will continue to be optional;

(b)     Defendant shall update its privacy notice such that its data collection practices with respect to the We-Connect application are specifically disclosed;

(c)     To the extent that Defendant uses a third party to obtain data in aggregate, non-identifiable form for internal analytics purposes, Defendant shall (i) provide notice of this data collection practice in the privacy notice; and (ii) provide application users with a method to opt out of their data being provided to the third party for such purposes;

(d)     Defendant shall take reasonable steps to ensure that all users who initially install the We-Connect application receive notice of the then-existing privacy notice as part of the application's user onboarding process;

(e)     Defendant shall, for a period of three (3) months, take reasonable steps to ensure that all existing We-Connect application users (using the most current version of the application) receive notice of the then-current privacy notice before they continue using the application; after the aforementioned three (3) month period, Defendant can enable a feature on the application that allows returning users to skip directly to use of the application.

(f)     Defendant will maintain items (a) – (d) for a period of three (3) years following Preliminary Approval.

(g)     Subject to any legal requirements (e.g., pending or reasonable anticipation of litigation), Defendant shall:

(i)     purge email addresses provided by application users as part of the

We-Connect application registration process, excluding email addresses

provided by users specifically for the Standard Innovation newsletter sign-

up process and/or product registration purposes; and

(ii)    purge the following data elements: the time and date of each use,

the vibration intensity level selected by the user, the vibration mode or

pattern selected by the user, the temperature of the device, and the battery

life.

**3.     RELEASE**

3.1.    The obligations incurred pursuant to this Settlement Agreement shall be a full and

final disposition of the Action and any and all Released Claims, as against all Released Parties.

3.2.    Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed

to have, and by operation of the Final Judgment shall have, fully, finally, and forever released,

relinquished and discharged all Released Claims against each and every one of the Released

Parties.

**4.     NOTICE TO THE CLASSES.**

4.1.    Upon entry of Preliminary Approval, the Settlement Administrator shall cause the

Notice describing the Final Approval Hearing, the terms of the compromise embodied in this

Settlement Agreement, and the Claim Form to be disseminated to potential Purchaser Class

Members and potential App Class Members. Such notice shall comport with due process and

Fed. R. Civ. P. 23, the costs of which shall be Settlement Administration Expenses.

4.2.    The Notice shall include:

(a)     *Class Lists*.  To the extent Defendant has not done so already, promptly after execution of this Settlement Agreement, Defendant shall provide to the Settlement Administrator a list of all email addresses in Defendant's records that Defendant has, after good faith reasonable efforts, determined are associated with potential members of the Purchaser Class and App Class. Defendant may take reasonable steps to limit any email addresses provided to the Settlement Administrator to United States residents by utilizing a third party service to assist with this process, and the email notice shall make clear that it is intended only for United States residents.

(b)     *Direct Notice Through We-Connect Application*.  No later than the last date that any form of Notice is effectuated (*i.e.,* 60 days after Preliminary Approval), Defendant shall include a new entry in the menu of the We-Connect Application titled "US Class Action Settlement" for App users that Defendant has, after good faith reasonable efforts, determined are accessing the We-Connect Application within the United States. This menu option will be displayed until the Claims Deadline, and will (i) inform those who select that menu option that there is a Settlement of a class action lawsuit against Defendant, and (ii) provide a brief description of the case and the Settlement and a link to the Settlement Website. Such notice will be provided substantially in the form attached as Exhibit B.

(c)     *Direct Email Notice.* No later than the Notice Date, the Settlement Administrator shall disseminate Notice via electronic mail to those Persons who are potential Purchaser Class Members and/or potential App Class Members for whom Defendant has provided email addresses. Notice to the Purchaser Class and App Class shall be sent substantially in the form attached as Exhibit C, along with an electronic link

19

to the Settlement Website.

(d)     *Internet Notice.* No later than the first date that any form of Notice is provided, the Settlement Administrator will develop, host, administer and maintain the Settlement Website located at URL www.SICclassactionsettlement.com, which shall include the ability to electronically file Purchaser Claim Forms and App Claim Forms online, provided that such Claims Forms, if signed electronically, will be binding for purposes of applicable law and contain a statement to that effect. Notice on the Settlement Website shall be substantially in the form of Exhibit D attached hereto.

(e)     *Print Publication Notice.* The Settlement Administrator will provide print publication notice by placing a summary publication notice in leading consumer magazines, specifically, a one-time half of a page summary publication notice will be placed in People Magazine and Sports Illustrated. Publication Notice to the Purchaser Class and App Class shall be substantially in the form attached as Exhibit E.

(f)     *Online Publication Notice.* The Settlement Administrator will supplement the direct email and print publication notice with Internet banner ads, in the form of Exhibit F. These ads will run for one month and contain active hyperlinks to the Settlement Website.

(g)     *CAFA Notice.* Pursuant to 28 U.S.C. § 1715 of the Class Action Fairness Act ("CAFA"), not later than ten (10) days after the Agreement is filed with the Court, Defendant shall cause to be served upon the Attorneys General of each U.S. State, the Attorney General of the United States, and other required government officials, notice of the proposed settlement as required by law. Defendant shall file a certification with the Court demonstrating its compliance with this provision.

4.3.     The Notice shall be conducted jointly with respect to the Purchaser Class and the App Class. The Internet Notice shall explain the updates to Standard Innovation's privacy policy and data collection practices, how individuals can opt out of Standard Innovation's data collection practices, and that the data described in Paragraph 2.3(g) will be purged.

4.4.     The Notice shall also advise the Purchaser Class Members and the App Class Members of their rights under the Settlement, including the right to be excluded from, comment upon, and/or object to the Settlement Agreement or its terms. The Notice shall specify that any objection to this Settlement Agreement, and any papers submitted in support of said objection, shall be received by the Court at the Final Approval Hearing, only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the Person making an objection files notice of his or her intention to do so and at the same time: (a) files copies of such papers he or she proposes to submit at the Final Approval Hearing with the Clerk of the Court, (b) files copies of such papers through the Court's CM/ECF system if the objection is from a Purchaser Class Member or App Class Member represented by counsel, and (c) sends copies of such papers via mail, hand, or overnight delivery service to both Class Counsel and Defendant's Counsel.

4.5.     **Right to Object or Comment.** Any Purchaser Class Member or App Class Member who intends to object to this Settlement Agreement must present the objection in writing, which must be personally signed by the objector and must indicate if the Person is a Purchaser Class Member or an App Class Member. If the objector is a Purchaser Class Member, the objection must include (i) the Person's full name, current mailing address, current contact telephone number, current email address; (ii) a statement that he or she purchased a Bluetooth-enabled We-Vibe Product before September 26, 2016; (iii) the device serial number (located on

the box and the device) or order number if purchased directly from Defendant, if available; (iv) the specific grounds for the objection; (v) all documents or writings that the Purchaser Class Member desires the Court to consider; (vi) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; and (vii) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel, who must file an appearance or seek *pro hac vice* admission). If the objector is an App Class Member, the objection must include (i) the Person's full name, current mailing address, current contact telephone number, current email address; (ii) a statement that he or she downloaded the We-Connect application and used it to control a Bluetooth-enabled We-Vibe Product before September 26, 2016; (iii) the specific grounds for the objection; (iv) all documents or writings that the Purchaser Class Member desires the Court to consider; (v) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; and (vi) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel, who must file an appearance or seek *pro hac vice* admission). If objecting as both a Purchaser Class Member and App Class Member, the Person must include all information identified above. All written objections must be filed and postmarked by no later than the Objection/Exclusion Deadline. Any Purchaser Class Member and/or App Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Section and as detailed in the Notice, and at the same time provide copies to designated counsel for the Parties, shall not be

22

permitted to object to this Settlement Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Settlement Agreement by appeal or other means and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other action or proceeding.

  4.6. **Right to Request Exclusion.** A member of the Purchaser Class and/or the App Class may request to be excluded from the Purchaser Class and/or the App Class by sending a written request for exclusion to the Settlement Administrator postmarked on or before the Objection/Exclusion deadline. In order to exercise the right to be excluded, a member of the Purchaser Class and/or App Class must timely send a written request for exclusion to the Settlement Administrator providing his or her name and address, a signature, the name and number of the case, and a statement that he or she wishes to be excluded from the Purchaser Class and/or the App Class. A request to be excluded that does not include all of the foregoing information, that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Persons serving such a request shall be deemed to remain members of the Purchaser Class and/or the App Class and shall be bound as a Purchaser Class Member and/or a App Class Member by this Settlement Agreement, if approved. Any member of the Purchaser Class or the App Class who elects to be excluded shall not: (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of this Settlement Agreement. The request for exclusion must be personally signed by the Person requesting exclusion. "Mass" or "class" requests for exclusion shall not be allowed. The Settlement Administrator shall submit a Declaration before the Final Approval hearing that provides the Court with the names of all class members who have opted

23

out.

**5.      SETTLEMENT ADMINISTRATION.**

5.1.      The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Settlement Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with information concerning Notice, administration, and implementation of the Settlement Agreement. Should the Court request, the Parties, in conjunction with the Settlement Administrator, shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts from the Purchaser Settlement Fund and/or the App Settlement Fund paid on account of Approved Purchaser Claims and Approved App Claims. Without limiting the foregoing, the Settlement Administrator shall:

(a)      Forward to Defendant's Counsel, with copies to Class Counsel, all documents and other materials received in connection with the administration of the Settlement Agreement within thirty (30) days after the date on which all Claim Forms have been finally approved or disallowed per the terms of the Settlement Agreement;

(b)      Receive exclusion forms and other requests from the Purchaser Class Members and/or App Class and promptly provide a copy of such requests to Class

24

Counsel and Defendant's Counsel upon receipt ("the Opt-Out List"). If the Settlement Administrator receives any exclusion forms or other requests from the Purchaser Class or App Class after the Objection/Exclusion Deadline, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel;

        (c)     Provide weekly reports to Class Counsel and Defendant's Counsel, including without limitation, reports regarding the number of Claim Forms received, the current number thereof approved by the Settlement Administrator, if any approved at that time, the estimated payment per Approved Purchaser Claim and Approved App Claim, and the number of opt-outs and objections received;

        (d)     Make available for inspection by Class Counsel or Defendant's Counsel the Claim Form, any documentation submitted in support thereof, and any correspondence received by the Settlement Administrator at any time upon reasonable notice;

        (e)     Pay all Approved App Claims and Approved Purchaser Claims according to the terms of this Settlement Agreement;

        (f)     Make all required tax filings; and

        (g)     Respond to questions about the Settlement from Class Members.

5.2.    The Settlement Administrator shall employ reasonable procedures to screen claims for abuse or fraud. The Settlement Administrator, after consultation with Plaintiffs' counsel, shall reject Claim Forms, or any part of a claim for a payment reflected therein, where there is evidence of abuse or fraud.

5.3.    The Settlement Administrator shall also reject any Claim Form that does not contain all requested information. The Settlement Administrator shall provide the Class Member

with an opportunity to cure within twenty-one (21) days. If the Class Member fails to cure within the required time, the claim shall be rejected.

5.4.     In the exercise of their duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Purchaser Class Member or App Class Member.

5.5.     The Final Approval Hearing shall be set for a date no less than ninety (90) days after the notice required pursuant to CAFA is provided.

**6.     TERMINATION OF SETTLEMENT.**

6.1.     Subject to Paragraph 9 below, the Class Representatives, on behalf of the respective Purchaser Class or App Class, or Defendant, shall have the right to terminate this Settlement Agreement by providing written notice of the election to do so to all other Parties hereto within ten (10) days of any of the following events: (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect (other than an award of attorneys' fees in an amount less than requested or the failure to award incentive awards); (iii) the Court's refusal to enter the Final Judgment in this Action in any material respect; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which an Alternative Judgment, as defined in Paragraph 9.1(d) of this Agreement, is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

6.2.     If more than 10,000 Persons who otherwise would be members of the Purchaser Class or App Class have timely requested exclusion from the Purchaser Class or App Class in accordance with the provisions of section 4.5 of this Settlement Agreement, Defendant shall

have, in its sole and absolute discretion, the option to terminate this Settlement by providing

written notice of the election to do so to all other Parties hereto within ten (10) days after

learning from the Settlement Administrator that the number of valid opt outs exceeds 10,000, but

no later than seven (7) days prior to the Final Approval Hearing. .

7.     **PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER.**

        7.1.     Promptly after the execution of this Settlement Agreement, Class Counsel shall

submit this Agreement together with its exhibits to the Court and shall move the Court for entry

of Preliminary Approval of the settlement set forth in this Agreement, which shall include,

among other provisions, a request that the Court:

                (a)     appoint Class Counsel and Class Representatives;

                (b)     certify the Purchaser Class and the App Class under Fed. R. Civ. P. 23 for

settlement purposes only and without prejudice to Defendant's right to contest class

certification if this Agreement is not approved;

                (c)     preliminarily approve this Agreement for purposes of disseminating

Notice to the Purchaser Class Members and the App Class Members;

                (d)     approve the form and contents of the Notice, the Claim Form, as well as

the method of dissemination;

                (e)     schedule a Final Approval Hearing to review any comments and/or

objections regarding this Agreement, to consider its fairness, reasonableness and

adequacy; to consider the application for an award of attorneys' fees, incentive awards to

the Class Representatives, and reimbursement of expenses; to consider whether the Court

shall issue a Final Judgment approving this Agreement; and to consider dismissing the

Action with prejudice.

7.2.    After Notice is given, Class Counsel shall move the Court for entry of a Final Judgment, which shall include, among other provisions, a request that the Court:

(a)    find that it has personal jurisdiction over all Purchaser Class Members and App Class Members and subject matter jurisdiction to approve this Settlement Agreement, including all attached Exhibits;

(b)    approve the Settlement Agreement and the proposed settlement as fair, reasonable and adequate as to, and in the best interests of, the Purchaser Class Members and the App Class Members; direct the Parties and their counsel to implement and consummate the Settlement Agreement according to its terms and conditions; and declare the Settlement Agreement to be binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and Releasing Parties;

(c)    find that the Notice implemented pursuant to the Settlement Agreement: (i) constitutes the best practicable notice under the circumstances, (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Purchaser Class Members and App Class Members of the pendency of the Action and their rights to object to or exclude themselves from this Settlement Agreement and to appear at the Final Approval Hearing, (iii) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

(d)    find that the Class Representatives and Class Counsel adequately represented the Purchaser Class and the App Class for purposes of entering into and

28

implementing the Agreement;

(e)     dismiss the Action on the merits and with prejudice, without fees or costs to any party except as provided in this Settlement Agreement;

(f)     incorporate the Release set forth above, make the Release effective as of the date of the Final Judgment, and forever discharge the Released Parties as set forth herein;

(g)     permanently bar and enjoin all Purchaser Class Members and App Class Members who have not been properly excluded from the Purchaser Class and/or the App Class, respectively, from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims;

(h)     authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) that (i) shall be consistent in all material respects with the Final Judgment, and (ii) do not limit the rights of Purchaser Class Members or App Class Members;

(i)     without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose; and

(j)     incorporate any other provisions, consistent with the material terms of this Agreement, as the Court deems necessary and just.

8.    **CLASS COUNSEL'S ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND INCENTIVE AWARD.**

8.1.    Class Counsel will apply to the Court for an award of reasonable attorneys' fees and unreimbursed expenses incurred in the Action as the Purchaser Fee Award and App Fee Award. The amount of the Purchaser Fee Award and App Fee Award shall be determined by the Court based on petition from Class Counsel. Class Counsel has agreed, with no consideration from Defendant, to limit their request to thirty-three and one third percent (33 1/3%) of the Purchaser Settlement Fund and thirty-three and one third percent (33 1/3%) of the App Settlement Fund.

8.2.    Class Counsel shall, within seven (7) days after the Effective Date, be paid from the App Settlement Fund the App Fee Award approved by the Court and be paid from the Purchaser Settlement Fund the Purchaser Fee Award approved by the Court. Any payment of the Purchaser Fee Award and App Fee Award shall be made via wire transfer to an account designated by Class Counsel after providing necessary information for electronic transfer.

8.3.    In addition to any payment to which they may be entitled under this Agreement, and in recognition of the time and effort they expended on behalf of the Purchaser Class and the App Class, respectively, the Class Representatives shall each be paid an incentive award in the total amount of five thousand dollars ($5,000), subject to the Court's approval.

8.4.    P.S. shall be paid the incentive award, as determined by the Court, from the Purchaser Settlement Fund within seven (7) days after the Effective Date. Payment of this incentive award shall be made via check, such check to be sent care of Class Counsel.

8.5.    N.P. shall be paid the incentive award, as determined by the Court, from the App

Settlement Fund within seven (7) days after the Effective Date. Payment of the incentive award

shall be made via check, such check to be sent care of Class Counsel.

**9.    CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

9.1.    The Effective Date of this Settlement Agreement shall not occur unless and until

each and every one of the following events occurs:

(a)    This Agreement has been signed by the Parties, Class Counsel and

Defendant's Counsel;

(b)    The Court has entered an order granting Preliminary Approval of the

Agreement;

(c)    The Court has entered an order finally approving the Settlement

Agreement, following notice to the Purchaser Class and the App Class, and a Final

Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered

the Final Judgment, or a judgment substantially consistent with this Agreement; and

(d)    The Final Judgment has become Final, as defined above, or, in the event

that the Court enters an order and final judgment in a form other than that provided above

("Alternative Judgment") to which the Parties have consented, that Alternative Judgment

has become Final.

9.2.    If some or all of the conditions specified in Paragraph 9.1 are not met, or in the

event that this Settlement Agreement is not approved by the Court, or the settlement set forth in

this Agreement is terminated or fails to become effective in accordance with its terms, then this

Settlement Agreement shall be canceled and terminated subject to Paragraph 9.3, unless Class

Counsel and Defendant's Counsel mutually agree in writing to proceed with this Agreement. If

31

any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all other Parties. Notwithstanding anything herein, the Parties agree that the Court's decision as to the amount of the Purchaser Fee Award and App Fee Award to Class Counsel set forth above or the incentive award to the Class Representatives, regardless of the amounts awarded, shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination of the Agreement.

9.3.    If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6.1, 9.1, or 9.2 above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement. In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into and, pursuant to Paragraph 11.4 below, this Agreement shall not be used for any purpose whatsoever against any of the Parties.

## 10.    CONFIRMATORY DISCOVERY

10.1.    In addition to the information and documents received as part of the Action, pre-mediation discovery, and investigation conducted by Class Counsel, Defendant provided Class Counsel confirmatory information on the following issues: (i) the type and categories of information that Defendant collected from App Class Members, (ii) Defendant's representation that it has not disclosed such information to third parties, (iii) Defendant's financial condition, (iv) the size of the Purchaser Class, and (v) the size of the App Class. To the extent that any information provided materially differed from any of Defendant's representations underlying or

leading up to this Agreement, Plaintiffs had the option of cancelling this Agreement in its entirety.

**11.    MISCELLANEOUS PROVISIONS.**

11.1.   The Parties: (i) acknowledge that it is their intent to consummate this Settlement Agreement; and (ii) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement. Class Counsel and Defendant's Counsel agree to cooperate with one another in seeking entry of an order granting Preliminary Approval of this Agreement and the Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

11.2.   The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiffs, the Purchaser Class, the App Class, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiffs or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis.

11.3.   The Parties have relied upon the advice and representation of counsel, selected by them, concerning the claims hereby released. The Parties have read and understand fully this Agreement and have been fully advised as to the legal effect hereof by counsel of their own selection and intend to be legally bound by the same.

11.4.   Whether the Effective Date occurs or this Settlement Agreement is terminated,

neither this Agreement nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement:

(a)     is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount, the Purchaser Fee Award, or the App Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

(b)     is, may be deemed, or shall be used, offered or received against Defendant as, an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

(c)     is, may be deemed, or shall be used, offered or received against Plaintiffs, the Purchaser Class, the App Class, or each or any of them as an admission, concession or evidence of, the infirmity or strength of any claims asserted in the Action, the truth or falsity of any fact alleged by Defendant, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(d)     is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the settlement, this Agreement, and any acts performed and/or

34

documents executed in furtherance of or pursuant to this Agreement and/or settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. Moreover, if this Settlement Agreement is approved by the Court, any party or any of the Released Parties may file this Settlement Agreement and/or the Final Judgment in any action that may be brought against such party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim;

(e)     is, may be deemed, or shall be construed against Plaintiffs, the Purchaser Class, the App Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

(f)     is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs, the Purchaser Class, the App Class, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

11.5.   The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

11.6.   The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

11.7.   All of the exhibits to this Settlement Agreement are material and integral parts

35

hereof and are fully incorporated herein by reference.

11.8.    This Agreement and its exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any party concerning this Settlement Agreement or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

11.9.    Except as otherwise provided herein, each Party shall bear its own attorneys' fees and costs incurred in any way related to the Action.

11.10.   Plaintiffs represent and warrant that they have not assigned any claim or right or interest relating to any of the Released Claims against the Released Parties to any other Person or party and that they are fully entitled to release the same.

11.11.   Each counsel or other Person executing this Settlement Agreement, any of its exhibits, or any related settlement documents on behalf of any party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

11.12.   This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signature by digital, facsimile, or in PDF format will constitute sufficient execution of this Agreement. A complete set of original executed counterparts shall be filed with the Court if the Court so

requests.

11.13.  The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

11.14.  This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Illinois without reference to the conflicts of laws provisions thereof.

11.15.  This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one party than another.

11.16.  Where this Settlement Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel:

| **If to Plaintiffs' Counsel:** | **If to Defendant's Counsel:** |
|---|---|
| Eve-Lynn J. Rapp | Neil K. Gilman |
| 123 Townsend Street, Suite 100 | Hunton & Williams LLP |
| San Francisco, California 94109 | 220 Pennsylvania Avenue, NW |
| | Washington, DC 20037 |

[SIGNATURES APPEAR ON FOLLOWING PAGE.]

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed, by their duly authorized attorneys.

**PLAINTIFF P.S.**, individually and on behalf of the Purchaser Class,

Dated: 02/19/2017          By: _____

**PLAINTIFF N.P.**, individually and on behalf of the App Class,

Dated: 02/21/2017          By: _____

**EDELSON PC**
Attorneys for Plaintiffs N.P.

Dated: _____          By: _____
                                  Eve-Lynn J. Rapp, Esq.

**STANDARD INNOVATION CORP.**

Dated: _____          By: _____

                           Its: _____

**HUNTON & WILLIAMS LLP**
Attorneys for Defendant Standard Innovation Corp.

Dated: _____          By: _____
                                  Neil K. Gilman, Esq.

38

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed, by their duly authorized attorneys.

**PLAINTIFF P.S.**, individually and on behalf of the Purchaser Class,

Dated: _____     By: _____

**PLAINTIFF N.P.**, individually and on behalf of the App Class,

Dated: _____     By: _____

**EDELSON PC**
Attorneys for Plaintiffs N.P., P.S., the Purchaser Class and the App Class

Dated: 3/7/17     By: _____
                   Eve-Lynn J. Rapp, Esq.

**STANDARD INNOVATION CORP.**

Dated: 3/6/17     By: _____

             Its: _____ President
                   Frank Ferrari

**HUNTON & WILLIAMS LLP**
Attorneys for Defendant Standard Innovation Corp.

Dated: 3/6/17     By: _____
                   Neil K. Gilman, Esq.

38

## EXHIBIT A

*N.P., et. al. v. Standard Innovation Corp., d/b/a We-Vibe*, No. 1:16-cv-8655

## CLAIM FORM

**Instructions.** *Fill out each section of this form and sign where indicated.*

| First Name | | Last Name | |
| --- | --- | --- | --- |
| **Street Address** | | | |
| **City** | **State** | | **ZIP Code** |
| **Email Address** | | | |
| **Contact Phone #** (You may be contacted if further information is required.) | | | |

**Class Member Affirmation**: By submitting this Claim Form and checking the box(es) below, I declare that I am a member of the Purchaser Class and/or the App Class and that the following statements are true (check *each* box that applies; at least one box must be checked to receive payment; *you may select both boxes if you both statements apply*):

☐     I am an individual in the United States who purchased a Bluetooth-enabled We-Vibe brand product before September 26, 2016.

☐     I am an individual in the United States who downloaded the We-Connect application and used it to control a We-Vibe brand product before September 26, 2016.

A list of covered products is available on the Settlement Website.

**\*If you checked either box (or both), please provide the serial number of the device(s) below.** (The serial number is located on the box and device. You can visit the Settlement Website to see where the serial number is located on the box and the device.)

**Serial Number(s):**_____

Signature: _____     Date: _____ - _____ - _____
                                                                                       (MM-DD-YY)
Printed Name: _____

**EXHIBIT B**

From: Settlement Administrator www.SICclassactionsettlement.com
Subject: Legal Notice: We-Vibe Class Action Settlement

<u>UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS</u>

*N.P., et. al. v. Standard Innovation Corp.,* No. 1:16-cv-8655

# If you purchased a Bluetooth-enabled We-Vibe® brand product in the United States or downloaded the We-Connect™ application and used it in the United States, you may be entitled to a payment from a class action settlement.

*A federal court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

A Settlement has been reached in a class action lawsuit claiming that Standard Innovation® Corp. ("Defendant" or "Standard Innovation"), a Canadian company, violated state and federal laws by failing to disclose that its Bluetooth-enabled vibrators collected and recorded certain personal information from consumers. Standard Innovation denies any wrongdoing and maintains that its data collection practices comply with the law. The Settlement does not establish who is correct, but rather is a compromise to end the lawsuit and avoid the uncertainties and costs associated with litigation.

A longer notice, claim forms, and more information about the lawsuit and the Settlement are available at www.SICclassactionsettlement.com.

### Am I a Class member?

Because you have this application installed, you may be a member of the "**App Class,**" which includes anyone in the United States who downloaded the We-Connect application and used it to control any of the following Bluetooth-enabled We-Vibe vibrators before September 26, 2016: the We-Vibe® Classic, We-Vibe® 4 Plus, We-Vibe® 4 Plus App Only, Rave by We-Vibe™ and Nova by We-Vibe™ products. You may also be a member of the "**Purchaser Class,**" which includes anyone in the United States who bought any of those devices before September 26, 2016. Many people will be members of both classes because they both bought a We-Vibe and downloaded and used the App. Other people will just be a member of one class because they bought a We-Vibe but never downloaded or used the App, or they only downloaded the App and used it with their partner who purchased the We-Vibe. The case has settled and if you are a member of either class you have a right to file a claim for a share of the settlement funds.

### What can I get out of the settlement?

Defendant has agreed to create two separate settlement funds totaling $5 million Canadian dollars. The fund for the Purchaser Class is $1 million Canadian dollars (about $750,000 US dollars). The fund for the App Class is $4 million Canadian dollars (about $3,000,000 US dollars). Those in the Purchaser Class who submit valid claims will be eligible to receive an equal share of this fund up to $199 US dollars. The amount of the actual payment to members of the Purchaser Class will depend on the number of claims submitted and the total amount available in the settlement fund after applicable notice and administration costs, the incentive award, and attorneys' fees have been paid. Those in the App Class who submit valid claims will be eligible to receive an equal of the share of this fund up to about $10,000 US dollars. The amount of the actual payment to

CBXNTE1

members of the App Class will depend on the number of claims submitted and the total amount available in the settlement fund after applicable notice and administration costs, the incentive award, and attorneys' fees have been paid. Any individual who is a member of both the Purchaser Class and the App Class may fill out both sections of the Claim Form. The amount of money each person will get depends on the number of claims filed, the cost of notice, and the amount awarded for costs, fees, and an incentive award to Plaintiffs.

Standard Innovation has also agreed to change its registration and information collection practices as well as to update its privacy policy and to destroy certain data it has collected.

### How do I get my payment?

If you want to get a payment from the Settlement, you must fill out and submit a valid Claim Form. The Claim Form will have two boxes—one for members of the App Class and one for members of the Purchaser Class. You should check the applicable box or boxes. An online Claim Form is available here [add link] or at www.SICclassactionsettlement.com. You can also get a paper Claim Form from www.SICclassactionsettlement.com or by calling 1-866-354-3015. We encourage you to submit a claim online. It's faster and it's free.

***All Claim Forms must be received by [Claims Deadline].*** Visit www.SICclassactionsettlement.com to find out more information about the timing for payment of claims.

### What are my options?

You can do nothing, submit a Claim Form, comment on or object to any of the Settlement terms, or exclude yourself from either class. If you do nothing or submit a Claim Form, you will be considered a class member, and if the Court approves the Settlement, you will also be bound by the Settlement, including the Release, and all orders and judgments of the Court. A release means you cannot sue or be part of any other lawsuit against Standard Innovation for the claims or legal issues being resolved by this Settlement. If you exclude yourself, you won't get a payment but you'll keep your right to sue Standard Innovation on the issues the Settlement resolves. You must contact the Settlement Administrator by mail to exclude yourself. You can also object to the Settlement if you disagree with any of its terms. All requests for exclusion and objections must be received by [Exclusion/Objection Deadline]. Go to www.SICclassactionsettlement.com for complete details about all of your rights and options and how to exercise them.

### Who represents me?

The Court has appointed lawyers from the firm Edelson PC to represent you as "Class Counsel." The lawyers will request to be paid from the settlement funds. Plaintiffs N.P. and P.S.—class members like you—have been appointed by the Court as the "Class Representatives." You can hire your own lawyer, but you'll need to pay your own legal fees.

### When will the Court approve the settlement?

The Court will hold a Final Approval Hearing on [Final Approval date] at 9:30 a.m. before Judge Virginia M. Kendall in Courtroom 2319 of the Dirksen United States Courthouse, 219 S. Dearborn St., Chicago, IL 60604. The Court will hear objections, determine if the Settlement is fair, and consider Class Counsel's request for fees and expenses of up to one-third of the Purchaser Settlement Fund and up to one-third of the App Settlement Fund, and incentive awards. The Court will determine the proper amount of any attorneys' fees and expenses to award Class Counsel and the proper amount of any incentive award to the Class Representatives. The Court may award less than the amounts requested. Any money not awarded will stay in the Purchaser Settlement Fund and the App Settlement Fund to pay Purchaser Class Members and App Class Members, respectively. Class Counsels' request for fees and an incentive award will be posted on www.SICclassactionsettlement.com.

This notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Settlement Agreement available at www.SICclassactionsettlement.com, contact Class Counsel at 1-866-

354-3015, access the Court's online electronic full case docket search at https://ecf.ilnd.uscourts.gov, or visit the office of the Clerk of the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn St. Chicago, IL 60604, between 8:30 a.m. and 4:30 p.m., Monday through Friday, excluding Court holidays.

## EXHIBIT C

From: Settlement Administrator www.SICclassactionsettlement.com
Subject: Legal Notice: We-Vibe Class Action Settlement

<u>UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS</u>

*N.P., et. al. v. Standard Innovation Corp.,* No. 1:16-cv-8655

# If you purchased a Bluetooth-enabled We-Vibe® brand product in the United States or downloaded the We-Connect™ application and used it in the United States, you may be entitled to a payment from a class action settlement.

*A federal court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

A Settlement has been reached in a class action lawsuit claiming that Standard Innovation® Corp. ("Defendant" or "Standard Innovation"), a Canadian company, violated state and federal laws by failing to disclose that its Bluetooth-enabled vibrators collected and recorded certain personal information from consumers. Standard Innovation denies any wrongdoing and maintains that its data collection practices comply with the law. The Settlement does not establish who is correct, but rather is a compromise to end the lawsuit and avoid the uncertainties and costs associated with litigation.

A longer notice, claim forms, and more information about the lawsuit and the settlement are available at www.SICclassactionsettlement.com.

### Why am I being contacted?

Our records indicate that this email address was provided to Standard Innovation to register the We-Connect application, and you therefore may be a member of the "**App Class**," which includes anyone in the United States who downloaded the We-Connect application and used it to control any of the following Bluetooth-enabled We-Vibe vibrators before September 26, 2016: the We-Vibe® Classic, We-Vibe® 4 Plus, We-Vibe® 4 Plus App Only, Rave by We-Vibe™ and Nova by We-Vibe™ products. You may also be a member of the "**Purchaser Class**," which includes anyone in the United States who bought any of those devices before September 26, 2016. Many people will be members of both classes because they both bought a We-Vibe and downloaded and used the App. Other people will just be a member of one class because they bought a We-Vibe but never downloaded or used the App, or they only downloaded the App and used it with their partner who purchased the We-Vibe. The case has settled and if you are a member of either class you have a right to file a claim for a share of the settlement funds.

### What can I get out of the settlement?

Defendant has agreed to create two separate settlement funds totaling $5 million Canadian dollars. The fund for the Purchaser Class is $1 million Canadian dollars (about $750,000 US dollars). The fund for the App Class is $4 million Canadian dollars (about $3,000,000 US dollars). Those in the Purchaser Class who submit valid claims will be eligible to receive an equal share of this fund up to $199 US dollars. The amount of the actual payment to members of the Purchaser Class will depend on the number of claims submitted and the total amount available in the settlement fund after applicable notice and administration costs, the incentive award, and attorneys' fees have been paid. Those in the App Class who submit valid claims will be eligible to receive

an equal of the share of this fund up to about $10,000 US dollars. The amount of the actual payment to members of the App Class will depend on the number of claims submitted and the total amount available in the settlement fund after applicable notice and administration costs, the incentive award, and attorneys' fees have been paid. Any individual who is a member of both the Purchaser Class and the App Class may fill out both sections of the Claim Form. The amount of money each person will get depends on the number of claims filed, the cost of notice, and the amount awarded for costs, fees, and an incentive award to Plaintiffs.

Standard Innovation has also agreed to change its registration and information collection practices as well as to update its privacy policy and to destroy certain data it has collected.

### How do I get my payment?

If you want to get a payment from the Settlement, you must fill out and submit a valid Claim Form. The Claim Form will have two boxes—one for members of the App Class and one for members of the Purchaser Class. You should check the applicable box or boxes. An online Claim Form is available here or at www.SICclassactionsettlement.com. You can also get a paper Claim Form from www.SICclassactionsettlement.com or by calling 1-866-354-3015. We encourage you to submit a claim online. It's faster and it's free.

***All Claim Forms must be received by [Claims Deadline].*** Visit www.SICclassactionsettlement.com to find out more information about the timing for payment of claims.

### What are my options?

You can do nothing, submit a Claim Form, comment on or object to any of the Settlement terms, or exclude yourself from either class. If you do nothing or submit a Claim Form, you will be considered a class member, and if the Court approves the Settlement, you will also be bound by the Settlement, including the Release, and all orders and judgments of the Court. A release means you cannot sue or be part of any other lawsuit against Standard Innovation for the claims or legal issues being resolved by this Settlement. If you exclude yourself, you won't get a payment but you'll keep your right to sue Standard Innovation on the issues the Settlement resolves. You must contact the Settlement Administrator by mail to exclude yourself. You can also object to the Settlement if you disagree with any of its terms. All requests for exclusion and objections must be received by [Exclusion/Objection Deadline]. Go to www.SICclassactionsettlement.com for complete details about all of your rights and options and how to exercise them.

### Who represents me?

The Court has appointed lawyers from the firm Edelson PC to represent you as "Class Counsel." The lawyers will request to be paid from the settlement funds. Plaintiffs N.P. and P.S.—class members like you—have been appointed by the Court as the "Class Representatives." You can hire your own lawyer, but you'll need to pay your own legal fees.

### When will the Court approve the settlement?

The Court will hold a Final Approval Hearing on [Final Approval date] at 9:30 a.m. before Judge Virginia M. Kendall in Courtroom 2319 of the Dirksen United States Courthouse, 219 S. Dearborn St., Chicago, IL 60604. The Court will hear objections, determine if the Settlement is fair, and consider Class Counsel's request for fees and expenses of up to one-third of the Purchaser Settlement Fund and up to one-third of the App Settlement Fund, and incentive awards. The Court will determine the proper amount of any attorneys' fees and expenses to award Class Counsel and the proper amount of any incentive award to the Class Representatives. The Court may award less than the amounts requested. Any money not awarded will stay in the Purchaser Settlement Fund and the App Settlement Fund to pay Purchaser Class Members and App Class Members, respectively. Class Counsels' request for fees and an incentive award will be posted on www.SICclassactionsettlement.com.

This notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Settlement Agreement available at www.SICclassactionsettlement.com, contact Class Counsel at 1-866-354-3015, access the Court's online electronic full case docket search at https://ecf.ilnd.uscourts.gov, or visit the office of the Clerk of the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn St. Chicago, IL 60604, between 8:30 a.m. and 4:30 p.m., Monday through Friday, excluding Court holidays.

You were added to the system «ClientDate»
For more information click here. Update your preferences
Unsubscribe | Unsubscribe via email

**EXHIBIT D**

<span style="text-decoration: underline;">UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS</span>

*N.P., et. al. v. Standard Innovation Corp.* No. 1:16-cv-8655

# If you purchased a Bluetooth enabled We-Vibe® brand product or downloaded the We-Connect™ application, you may be entitled to a payment from a class action settlement.

*A federal court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

- A Settlement has been reached in a class action lawsuit against Standard Innovation® Corp. ("Defendant" or "Standard Innovation"), a Canadian company. The suit claims Standard Innovation violated state and federal laws by failing to disclose that its Bluetooth enabled vibrators collected and recorded certain personal information from consumers. Standard Innovation denies any wrongdoing and maintains that its data collection practices comply with the law. The Settlement does not establish who is correct, but rather is a compromise to end the lawsuit and avoid the uncertainties and costs associated with litigation.

- Two groups or "classes" of people are included in the Settlement and may be entitled to a cash payment. The first group is called the Purchaser Class and includes anyone in the United States that bought a Bluetooth-enabled We-Vibe brand product before September 26, 2016. The second group is called the App Class and includes anyone in the United States that downloaded the We-Connect application and used it to control a We-Vibe brand product before September 26, 2016. More information about each class is listed below.

- Defendant created a settlement fund for each class. These funds will be used to pay all costs and fees, as well as to pay valid claims. The fund for the Purchaser Class is $1 million Canadian dollars (about $750,000 US dollars). Those in the Purchaser Class who submit valid claims will be eligible to receive an equal share of this fund up to $199 US dollars. The fund for the App Class is $4 million Canadian dollars (about $3,000,000 US dollars). Those in the App Class who submit valid claims will be eligible to receive an equal share of this fund up to about $10,000 US dollars. The amount ultimately recoverable depends on the number of claims filed, the cost of notice, and the amount awarded for costs, fees, and an incentive award to Plaintiffs. Standard Innovation has also agreed to more clearly disclose its data collection practices and to destroy certain data it has collected.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to receive a payment. |
| **EXCLUDE YOURSELF** | You will receive no payment, but you will retain any rights you currently have to sue Defendant about the issues in this case. |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement. |
| **ATTEND A HEARING** | Ask to speak in Court about the fairness of the Settlement. |

QUESTIONS? CALL 1-[###-###-###] TOLL FREE OR VISIT WWW.SICCLASSACTIONSETTLEMENT.COM

| DO NOTHING | You will receive no payment under the Settlement and give up your rights to sue the Defendant about the issues in this case |
|---|---|

These rights and options—**and the deadlines to exercise them**—are explained in this notice.

## BASIC INFORMATION

### 1. What is this notice and why should I read it?

A Court authorized this notice to let you know about a proposed Settlement with the Defendant. You have legal rights and options that you may act on before the Court decides whether to approve the proposed Settlement. You may be eligible to receive a cash payment as part of the Settlement. This notice explains the lawsuit, the Settlement, and your legal rights.

Judge Virginia M. Kendall of the U.S. District Court for the Northern District of Illinois is overseeing this class action. The case is called *N.P., et. al. v. Standard Innovation Corp.* No. 1:16-cv-8655. The persons who filed the lawsuit, N.P. and P.S., are the Plaintiffs and Class Representatives. (Due to the sensitive subject matter of this case, the Plaintiffs' names have been withheld.) The company they sued, Standard Innovation, is the Defendant. (Collectively, the Plaintiffs and the Defendant are the "Parties.") You need not live in Illinois to get a payment under the Settlement.

### 2. What is a class action lawsuit?

A class action is a lawsuit in which one or more plaintiffs—in this case, N.P. and P.S.—sue on behalf of two groups of people who have similar claims. Together, these groups—known as the Purchaser Class and the App Class—are called the "classes" and collectively consists of "class members." In a class action, the court resolves the issues for all class members, except those who exclude themselves from the classes. After the Parties reached an agreement to settle this case (the "Settlement"), the Court granted preliminary approval of the Settlement and recognized it as a case that should be treated as a class action for settlement purposes.

## THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

### 3. What is this lawsuit about?

The lawsuit alleges that Standard Innovation failed to disclose that its We-Vibe vibrators collected personal information about its customers' usage of the We-Vibe, if the consumer downloaded the We-Connect App, without the customers' consent. The lawsuit alleges that Standard Innovation violated several state and federal laws because it did not properly disclose its data collection practices to consumers, and because consumers would not have purchased the product or downloaded the App had they known of Standard Innovation's collection practices.

Standard Innovation denies these allegations, maintains that its data collection practices were compliant with the law. No court has decided who is right. The Parties are entering into the Settlement to avoid time-consuming and expensive litigation. The Settlement is not an admission of wrongdoing by Standard Innovation. More information about the lawsuit and key documents can be found in the "Court Documents" section of the settlement website at www.SICclassactionsettlement.com.com.

### 4. Why is there a Settlement?

The Court has not decided whether the Plaintiffs or the Defendant should win this case. Instead, both sides agreed to a Settlement. That way, they can avoid the uncertainty and expense of litigation, and class members will get compensation now rather than years later—if ever. The Class Representatives and their attorneys ("Class Counsel") believe that the Settlement is in the best interests of the class members.

## WHO'S INCLUDED IN THE SETTLEMENT?

### 5. How do I know if I am in the Settlement Class?

The Court decided that two groups or "classes" of people are part of the Settlement.

The first group is called the **Purchaser Class** and is for anyone in the United States who bought any of the following Bluetooth-enabled We-Vibe vibrators before September 26, 2016: the We-Vibe® Classic, We-Vibe® 4 Plus, We-Vibe® 4 Plus App Only, Rave by We-Vibe™ and Nova by We-Vibe™ products.

The second group is called the **App Class** and includes anyone in the United States who downloaded the We-Connect application and used it to control any of the We-Vibe products listed above before September 26, 2016.

Many people will be members of both classes because they both bought a We-Vibe and downloaded the App. Other people will just be a member of one class because they bought a We-Vibe but never downloaded the App, or they only downloaded the App and used it with their partner who purchased the We-Vibe.

## THE SETTLEMENT BENEFITS

### 6. What does the Settlement provide?

**Cash Payments:** Defendant has agreed to create two separate settlement funds totaling $5 million Canadian dollars. The fund for the Purchaser Class is $1 million Canadian dollars (about $750,000 US dollars). The fund for the App Class is $4 million Canadian dollars (about $3,000,000 US dollars).

- Purchaser Class Members that submit a valid claim will be eligible to receive an equal share of that settlement fund up to about $199 US dollars. The amount of the actual payment will depend on the number of claims submitted and the total amount available in the settlement fund after applicable notice and administration costs, the incentive award, and attorneys' fees have been paid.

- App Class Members that submit a valid claim will be eligible to receive an equal share of this fund up to $10,000 US dollars. The amount of the actual payment will depend on the number of claims submitted and the total amount available in the settlement fund after applicable notice and administration costs, the incentive award, and attorneys' fees have been paid.

Any individual who is a member of both the Purchaser Class and the App Class may fill out both sections of the Claim Form and receive payment for both a valid Purchaser claim and a valid App claim. Any money remaining in either fund may be used to send additional notice to the class in order to distribute the funds to the class members, if practicable, or if not then to otherwise distribute it with Court approval.

## Change In Standard Innovation's Practices:

Standard Innovation has agreed not to include a registration process on the We-Connect App and not to collect email addresses of users of the We-Connect App for purposes other than sending the Standard Innovation newsletter or registering products, both of which will continue to be optional. Standard Innovation has likewise agreed to update its We-Connect App privacy notice such that its data collection practices with respect to the We-Connect App are specifically disclosed and that users have a method to opt out of their data being provided to third parties for internal analytics purposes. All of these items have already been completed, and the new Privacy Notice is available through the We-Connect App.

Standard Innovation has also agreed, subject to any legal requirements, to destroy certain data previously collected from We-Connect Application users, excluding email addresses provided by users specifically for the Standard Innovation newsletter sign-up process and/or product registration purposes.

## HOW TO GET BENEFITS

### 7. How do I make a claim?

If you are a member of either class (or both) and want to get a payment from the Settlement, you must fill out and submit a valid claim form. An online claim form is available on this website and can be submitted online. You can also get a paper claim form from the Settlement Website or by calling [toll-free number]. We encourage you to submit a claim online. It's faster and it's free.

The claim form requires you to provide basic contact information (so that payment can be sent to you) and the following information: (1) for individuals claiming relief from the Purchaser Settlement Fund, an affirmation that you purchased a Bluetooth-enabled We-Vibe brand product before September 26, 2016 and the device serial number (located on the box and the device), if available; and/or (2) for individuals claiming relief from the App Settlement Fund, an affirmation that you downloaded the We-Connect application and used it to control a We-Vibe brand product before September 26, 2016 and the device serial number (located on the box and the device), if available.

Click here to see where the serial number is located on the covered We-Vibe devices.

### 8. When will I get my payment?

The hearing to consider the fairness of the Settlement is scheduled for [Final Approval Hearing Date]. If the Court approves the Settlement, eligible members of the Purchaser Class and/or the App Class whose claims were approved by the Settlement Administrator will be sent a check. Please be patient. All checks will expire and become void 90 days after they are issued.

## THE LAWYERS REPRESENTING YOU

### 9. Do I have a lawyer in this case?

Yes, the Court has appointed lawyers Jay Edelson and Eve-Lynn J. Rapp of Edelson PC as the attorneys to represent you and other class members. These attorneys are called "Class Counsel." In addition, the Court appointed Plaintiffs N.P. and P.S. to serve as the Class Representative. They are class members like you. Class Counsel can be reached by calling 1-866-354-3015.

### 10. Should I get my own lawyer?

You don't need to hire your own lawyer because Class Counsel is working on your behalf. But if you want your own lawyer, you will have to pay that lawyer. For example, you can ask your lawyer to appear in Court for you if you want someone other than Class Counsel to represent you.

**11. How will the lawyers be paid?**

Class Counsel will ask the Court for attorneys' fees and expenses of up to 33 1/3% of the Purchaser Settlement Fund and up to 33 1/3 % of the App Settlement Fund. Class Counsel will also request an award of $5,000 for each of the Class Representatives, which will be separately paid out of their respective settlement funds. The Court will determine the proper amount of any attorneys' fees and expenses to award Class Counsel and the proper amount of any award to the Class Representatives. The Court may award less than the amounts requested. Any money not awarded will stay in the Purchaser Settlement Fund and the App Settlement Fund to pay Purchaser Class Members and App Class Members, respectively.

## YOUR RIGHTS AND OPTIONS

**12. What happens if I do nothing at all?**

If you do nothing, you will receive no payment under the Settlement, you will be considered a class member, and if the Court approves the Settlement, you will also be bound by the Settlement, including the Release, and all orders and judgments of the Court. A release means you cannot sue or be part of any other lawsuit against Standard Innovation for the claims or legal issues being resolved by this Settlement. For your convenience, the Release, which necessarily is drafted in legal-sounding language, is set forth in the Settlement Agreement on page 18.

**13. What happens if I ask to be excluded?**

If you exclude yourself from the Settlement, you will receive no payment under the Settlement. However, you will not be considered a class member. You will keep your right to start your own lawsuit against Defendant for the same legal claims made in this lawsuit. You will not be legally bound by the Court's judgments related to the Purchaser Class, the App Class, and the Defendant in this class action.

**14. How do I ask to be excluded?**

You can ask to be excluded from the Settlement. To do so, you must send a written request stating that you want to be excluded from the Settlement in *N.P., et. al. v. Standard Innovation Corp.*, No. 1:16-cv-8655. Your letter must also include your (1) name and address, (2) the name and number of the case, (3) a statement that you wish to be excluded from the Purchaser Class and/or the App Class, and (4) your signature. You must mail your exclusion request no later than **[objection / exclusion deadline]** to:

> *N.P., et. al. v. Standard Innovation Corp.,* Settlement Administrator
> P.O. Box 0000
> City, ST 00000-0000

You can't exclude yourself on the phone or by email.

**15. If I don't exclude myself, can I sue the Defendant for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue the Defendant for the claims being resolved by this Settlement.

## 16. If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself, do not submit a claim form to ask for a payment.

## 17. How do I object to the Settlement?

If you do not exclude yourself from the Purchaser Class and/or the App Class, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should deny approval by filing an objection. To object, you must file a written statement or brief with the Court stating that you object to the Settlement in *N.P., et. al. v. Standard Innovation Corp.*, No. 1:16-cv-8655 no later than **[objection / exclusion deadline]**. Your objection should be sent to the United States District Court for the Northern District of Illinois at the following address:

Clerk of Court
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chicago, IL 60604

If you are represented by a lawyer, the lawyer must file your objection through the Court's CM/ECF system. Include your lawyer's contact information in the objection.

The objection must be in writing and include the case name *N.P., et. al. v. Standard Innovation Corp.*, No. 1:16-cv-8655. Your objection must be personally signed and include the following information: (1) your name and address, (2) all arguments, citations, and evidence supporting your objection, including copies of any documents you rely on, (3) a statement that you are a member of the Purchaser Class and/or the App Class, (4) the device serial number (located on the box and the device), if available, (5) the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with the preparation or submission of your objection or who may profit from the pursuit of your objection, and (6) a statement indicating whether you (or your counsel) intend to appear at the Final Approval Hearing.

In addition to filing your objection with the Court, you must send copies of your objection and any supporting documents to both Class Counsel and the Defendant's lawyers at the addresses listed below:

| Class Counsel | Defense Counsel |
|---|---|
| Eve-Lynn J. Rapp | Neil K. Gilman |
| EDELSON PC | HUNTON & WILLIAMS LLP |
| 123 Townsend Street, Suite 100 | 220 Pennsylvania Avenue, NW |
| San Francisco, CA 94109 | Washington, DC 20037 |

Class Counsel will file with the Court and post on the settlement website its request for attorneys' fees and incentive award on [date 2 weeks before objection deadline].

## 18. What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in either the Purchaser Class and/or the App Class. Excluding yourself

from both classes is telling the Court that you don't want to be part of either class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

### 19. When and where will the Court hold a hearing on the fairness of the Settlement?

The Court will hold the final fairness hearing at [time] on [date], before the Honorable Virginia M. Kendall at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604 in Courtroom 2319. The purpose of the hearing is for the Court to determine whether the Settlement is fair, reasonable, and adequate, and in the best interests of the Purchaser Class and the App Class. At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed Settlement, including those related to the amount requested by Class Counsel for attorneys' fees and expenses and the incentive awards to the Class Representatives.

**Note:** The date and time of the fairness hearing are subject to change by Court Order. Any changes will be posted at the settlement website, www.SICclassactionsettlement.com or through the Court's online docket search at https://ecf.ilnd.uscourts.gov.

### 20. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But you are welcome to come to the hearing at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as your written objection was filed or mailed on time and meets the other criteria described in the Settlement, the Court will consider it. You may also pay a lawyer to attend, but you don't have to.

### 21. May I speak at the hearing?

Yes. If you do not exclude yourself from the Purchaser Class and/or the App Class, you may ask the Court for permission to speak at the hearing concerning any part of the proposed Settlement. If you filed an objection (*see* Question 18 above) and intend to appear at the hearing, you must state your intention to do so in your objection.

## GETTING MORE INFORMATION

### 22. Where can I get additional information?

This notice summarizes the proposed Settlement. For the precise terms and conditions of the settlement, please see the Settlement Agreement available at www.SICclassactionsettlement.com, contact Class Counsel at 1-866-354-3015, access the Court's online electronic full case docket search at https://ecf.ilnd.uscourts.gov, or visit the office of the Clerk of the Court for the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604 between 8:30 a.m. and 4:30 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT CONTACT THE COURT, THE JUDGE, OR THE DEFENDANT WITH QUESTIONS ABOUT THE SETTLEMENT OR CLAIMS PROCESS.**

## EXHIBIT E

*Court Ordered Legal Notice*

# If you purchased a We-Vibe® product or downloaded the We-Connect app™, with Bluetooth, you may be entitled to a payment from a class action settlement.

### What is the lawsuit about?

A proposed class action settlement has been reached concerning **WeVibe products, *purchased and used* in the United States**. The lawsuit claims that the defendant, Standard Innovation Corp., (a Canadian Company) ("Defendant") failed to disclose that its Bluetooth-enabled vibrators collected and recorded certain personal information from consumers. Standard Innovation denies any wrongdoing and maintains that its data collection practices comply with the law and has agreed to the proposed settlement to avoid the uncertainties and costs associated with litigation.

### Am I a class member?

You are a member of the "**App Class**," if you downloaded the We-Connect application and used it to control any of the following Bluetooth-enabled We-Vibe vibrators before **September 26, 2016**: We-Vibe® Classic, We-Vibe® 4 Plus, We-Vibe® 4 Plus App Only, Rave by We-Vibe™ and Nova by We-Vibe™ products. You are a member of the "**Purchaser Class**," if you purchased one of those devices in the United States before September 26, 2016. Many people will be members of both classes because they both bought a We-Vibe and downloaded and used the App.

### What does the Settlement provide?

Defendant has agreed to create two separate settlement funds totaling approximately $3,750,000. The fund for the Purchaser Class is $750,000 dollars. The fund for the App Class is approximately $3,000,000 dollars. Those in the Purchaser Class who submit valid claims will be eligible to receive to $199 US dollars. Those in the App Class who submit valid claims will be eligible to up to about $10,000 US dollars. The amount of the actual payment to Class members will depend on the number of claims submitted and the total amount available in the respective settlement funds after applicable notice and administration costs, the incentive award, and attorneys' fees have been paid. You may be eligible for one or both classes.

### What are my rights & options?

**File a claim.** The only way to receive payment is to file a Claim by [Month, Day 2017]. If the Court approves the Settlement, you will receive a payment, and you will be bound by the Court's ruling regarding these claims. **Do Nothing.** You will not receive a payment, but you will be bound by the Settlement, including the Release, and all orders and judgments of the Court. **Exclude Yourself.** You won't get a payment but you'll keep your right to sue about these claims. You must contact the Settlement Administrator by mail to exclude yourself. **Object.** You can also object to the Settlement if you disagree with any of its terms. All requests for exclusion and objections must be received by [Exclusion/Objection Deadline]. The Court has appointed lawyers from the firm Edelson PC to represent you as "Class Counsel." The lawyers will request to be paid from the settlement funds. You can hire your own lawyer, but you'll need to pay your own legal fees.

The Court will hold a Final Approval Hearing on [Final Approval date] at 9:30 a.m. before Judge

Virginia M. Kendall in Courtroom 2319 of the Dirksen United States Courthouse, 219 S. Dearborn St., Chicago, IL 60604. You can go to this hearing, but you do not have to. The Court will hear any objections, determine if the Settlement is fair, and consider Class Counsels' request for attorneys' fees and expenses and an incentive award to the Class Representatives of up to one-third of the Settlement Funds. Any money not awarded will stay in the Settlement Funds to pay Class Members who file valid claims. Class Counsels' request for fees and an incentive award will be posted on the settlement website after they are filed.

### How do I get more information?

This is only a summary. For information, including the Settlement Agreement and other legal documents, including the Release details, visit www.SICclassactionsettlement.com, or call 1-866-354-3015. Please do not contact the Court.

**1-866- 354-3015**

**www.SICclassactionsettlement.com**

**EXHIBIT F**

## FACEBOOK



**Class Action Notice**
Sponsored · 🌐

👍 Like Page

If you purchased a We-Vibe® product or used We-Connect™ App, you could get money from a class action settlement.

We-Vibe Settlement
You MUST file a claim by [Month Day, Year] to receive a payment.

DISPLAYURL.COM

Learn More

👍 Like     💬 Comment     ➤ Share

## Instagram
Requires a photo.



# Google Adwords

Search is limited to 3 lines,

Line 1: 25 characters w/ spaces

Line 2: 35 characters w/ spaces

Line 3: 35 characters w/ spaces



Preview ⊕   Mobile | Desktop

If you purchased a We - Vibe® product
Ad www.settlementurl.com
or used We-Connect™ App, you could get money from a class action settlement.

Preview ⊕   Mobile | Desktop

If you purchased a We - Vibe® product
Ad www.settlementurl.com

or used We-Connect™ App, you could get money from a
class action settlement.

## Twitter
Limited to 140 characters with spaces



## Pinterest
Requires a photo

