IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| N.P. and P.S., individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>*v.*<br><br>STANDARD INNOVATION CORP., d/b/a WE-VIBE, a Canadian corporation,<br><br>*Defendant*. | Case. No. 1:16-cv-8655<br><br>Hon. Virginia M. Kendall |

## **FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

The Court, having considered Plaintiffs' Motion for Final Approval ("Motion for Final Approval") of the Class Action Settlement Agreement (the "Settlement") of the above-captioned matter ("Action"), brought by Plaintiffs N.P. and P.S. ("Plaintiffs") against Defendant Standard Innovation Corp. ("Defendant"), and Plaintiffs' Motion for Approval of Attorneys' Fees, Expenses, and Incentive Award, together with all exhibits thereto, the arguments and authorities presented by the Parties and their counsel at the Final Approval Hearing, finds that:

1. Unless defined herein, all capitalized terms in this Order shall have the respective meanings ascribed to the same terms in the Settlement. (Dkt. 27-1.)

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all App Class Members and Purchaser Class Members.

3. On March 14, 2017, this Court preliminarily approved the Settlement and certified, for settlement purposes only, two Settlement Classes, defined as follows:

1

A. App Class: All individuals in the United States who downloaded the We-Connect application and used it to control a We-Vibe Brand Product before September 26, 2016.

B. Purchaser Class: All individuals in the United States who purchased a Bluetooth enabled We-Vibe brand product before September 26, 2016.

(Dkt. 33.)

4. As provided in the Settlement Agreement, the Court excluded from the Purchaser Class and the App Class the following: any judge or magistrate presiding over the Action and the immediate family members of any such Person(s); the Defendant and any respective parent, subsidiary, affiliate, successor, predecessor or any entity in which the Defendant or its parents have a controlling interest, as well as its current or former officers, directors, agents, attorneys, servants, or employees; the Settlement Administrator, the Mediator, and the legal representatives, successors, or assigns of any such excluded Persons. (*Id.*)

5. Notice to the Settlement Classes has been provided in accordance with the Court's Preliminary Approval Order. (*See* Dkt. 33.) The notice to the App Class and Purchaser Class fully complied with the requirements of Fed. R. Civ. P. 23 and due process, constituted the best notice practicable under the circumstances to apprise App Class Members and Purchaser Class Members of the pendency of the Action and their rights to object to or exclude themselves from this Settlement Agreement and to appear at the Final Approval Hearing, and provided due and sufficient notice to all persons entitled to notice of the Settlement resolving this Action.

6. The Defendant properly and timely notified the appropriate government officials of the Settlement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of Defendant's notice, and finds that it complied

with all applicable requirements of CAFA. Further, more than ninety (90) days have elapsed since Defendant provided notice pursuant to CAFA and the Final Approval Hearing.

7. The Settlement Agreement was the result of arm's-length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues of this case and with the assistance of the Honorable Morton Denlow (ret.) of JAMS and, thus, is supported by Plaintiffs and Class Counsel.

8. The Settlement is fair, reasonable, adequate, and in the best interests of the App Class Members and Purchaser Class Members in light of the complexity, expense, and duration of litigation and the risks involved in establishing liability and damages and in maintaining the class action through trial and appeal.

9. The Class Representatives and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement.

10. The Settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be paid to members of the Settlement Classes is reasonable, considering the facts and circumstances of the claims and affirmative defenses asserted in the Action, and the potential risks and likelihood of success of alternatively pursuing trials on the merits.

11. No Settlement Class Member has objected to any of the terms of the settlement. Johnson, W. of Lithonia, Georgia, is found to have validly excluded himself from the Settlement in accordance with the provisions of the Preliminary Approval Order.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED THAT:

12. The Settlement is finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Classes. The Parties are directed to consummate the Settlement in accordance with its terms. The Parties and App Class Members and Purchaser Class Members who did not timely exclude themselves from the Settlement Classes are bound by the terms and conditions of the Settlement.

13. The Court has specifically considered the factors relevant to class settlement approval, *see*, *e.g.*, *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006), including, *inter alia*, the strength of Plaintiffs' case compared to the amount of Defendant's settlement offer, an assessment of the likely complexity, length and expense of the litigation, an evaluation of the amount of opposition to settlement among affected parties, the opinion of Class Counsel, and the stage of the proceedings and amount of discovery completed at the time of settlement, and upon consideration of such factors finds that the settlement is fair, reasonable, and adequate to all concerned.

14. The Action is hereby dismissed on the merits and with prejudice. The Settlement shall be binding on, and have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of the Plaintiffs and Releasing Parties.

15. The Parties and their counsel are directed to implement and consummate the Settlement according to its terms and conditions.

16. The Releasing Parties release and forever discharge the Released Parties from the Released Claims.

    A. As used in this Order, the "Releasing Parties" shall mean Plaintiffs and their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates,

affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these Persons and entities.

B. As used in this Order, the "Released Parties" shall mean Defendant, its Insurer Liberty International Underwriters, a Division of the Liberty Mutual Insurance Company, as well as any and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, agents, associates, affiliates, divisions, holding companies, employers, employees, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, companies, firms, trusts, and corporations.

C. As used in this Order, the "Released Claims" shall mean any claims that were asserted or could have been asserted in the Action by Plaintiffs, including any member of the App Class or Purchaser Class, including unknown claims, demands, rights, liabilities, and causes of action under federal law or the law of any state, whether based on statutory law, common law, or equity, whether class or individual in nature, known or unknown, concealed or hidden, against the Released Parties, or any of

them, arising out of or based on (i) any actual or alleged collection, use or misuse, disclosure, storage or any other processing of any personal or other information by the Released Parties, including without limitation the collection, use or misuse, disclosure, storage or any other processing of any information in connection with the purchase of a We-Vibe Brand Product or in connection with the We-Connect Application, (ii) the alleged disclosure, partial disclosure or non-disclosure of any information practices by the Released Parties with respect to any We-Vibe Brand Product or the We-Connect Application, whether disclosed, partially disclosed or undisclosed, or (iii) any allegations of deceptive conduct with respect to the sale of any We-Vibe Brand Product or the We-Connect Application.

17. On June 20, 2017, this Court referred Plaintiffs' Motion for Attorneys' Fees, Expenses, and Incentive Awards to Magistrate Judge Michael T. Mason. (Dkt. 44.) On July 25, 2017, Judge Mason issued a report and recommendation. (Dkt. 50.) The Court agrees with the recommendations set forth in Judge Mason's order. Specifically, the Court notes that Class Counsel provided this Court with their lodestar calculation as recommended. The Court further agrees with Judge Mason's recommendations as to the amount of reasonable attorneys' fees and awards Class Counsel attorneys' fees of 30% from the App Settlement Fund and attorneys' fees of 30% from the Purchaser Settlement Fund, inclusive of costs. Such percentages shall be calculated in the same manner as set forth by Judge Mason—i.e. 30% of the net amount of each fund after deducting from the funds the costs of notice and administration—but based on the

amount in the funds after they are deposited by Defendant or its Insurer into the Escrow Account and such amount is converted into United States Dollars at the prevailing exchange rate. Further, the Court awards Plaintiffs N.P. and P.S. $5,000.00 USD each as a reasonable incentive award.

18. Except as otherwise set forth in this Order, the Parties shall bear their own costs and attorneys' fees.

19. The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications and expansions of the Settlement and its implementing documents (including all exhibits to the Settlement) so long as they are consistent in all material respects with this Final Judgment and do not limit the rights of Settlement Class Members.

20. Without affecting the finality of this Final Judgment for purposes of appeal, until the Effective Date the Court shall retain jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement.

21. This Court hereby directs entry of this Final Judgment pursuant to Federal Rule of Civil Procedure 58 based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment.

**IT IS SO ORDERED**.

ENTERED: August 15, 2017

_____
HONORABLE VIRGINIA M. KENDALL
UNITED STATES DISTRICT JUDGE